UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MING-HUN LIU, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 24-cv-1963 (APM) |
| U.S. AGENCY FOR INTERNATIONAL DEVELOPMENT, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

In this action removed from the Superior Court of the District of Columbia under 28 U.S.C. § 1442(a)(1), *see* Notice of Removal, ECF No. 1, ¶ 2, Defendant U.S. Agency for International Development moves to dismiss Plaintiff's complaint on various grounds, *see* Def.'s Mot. to Dismiss & Mem. of P. & A., ECF No. 6 [hereinafter Def.'s Mot.]. Reluctantly, the court must grant that request under the doctrine of derivative jurisdiction. *See id.* at 3–4.

Long ago, the Supreme Court stated that "[t]he jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction." *Lambert Run Coal Co. v. Baltimore & O.R. Co.*, 258 U.S. 377, 382 (1922). It is now "well settled" that, if a state court lacks subject matter jurisdiction over a suit, the federal court likewise lacks jurisdiction over the suit upon removal, even if it would have maintained jurisdiction had the suit originated there. *Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981) (collecting cases); *see Palmer v. City Nat. Bank of W. Va.*, 498 F.3d 236, 244 (4th Cir. 2007) (explaining that the doctrine of derivative jurisdiction "arises from the theory that a federal court's jurisdiction over a removed case derives from the jurisdiction of the state court from which the case originated"). Congress has since abrogated derivative jurisdiction

with respect to removals under § 1441.  *See* 28 U.S.C. § 1441(f).  Section 1442, however, has no analogue.  "Accordingly, Federal courts in this District, and throughout the country, have determined that the doctrine of derivative jurisdiction still applies to claims removed under Section 1442."  *Merkulov v. U.S. Park Police*, 75 F. Supp. 3d 126, 130 (D.D.C. 2014) (collecting cases); *see Lopez v. Sentrillon Corp.*, 749 F.3d 347, 351 & n.15 (5th Cir. 2014) (joining the Fourth and Seventh Circuits in concluding that "'Congress intended to keep the derivative jurisdiction doctrine in place' for removals other than those under § 1441" (quoting *Rodas v. Seidlin*, 656 F.3d 610, 619 (7th Cir. 2011) (alteration omitted)).

The threshold question, then, is whether the D.C. Superior Court had subject matter jurisdiction over Plaintiff's suit prior to removal.  The answer is no.  Plaintiff seeks money damages against the United States, *see* Compl., ECF No. 1-1, and federal district courts "have exclusive jurisdiction of civil actions on claims against the United States, for money damages."  28 U.S.C. § 1346(b)(1).  Because the D.C. Superior Court lacked jurisdiction over Plaintiff's suit, so too does this court.

In reaching this conclusion, the court expresses no opinion as to whether Plaintiff has a valid cause of action.  He very well may.  The court cannot, however, consider that question in the present posture.  Defendant's Motion to Dismiss, ECF No. 6, is therefore granted without prejudice to Plaintiff filing this matter as an original action in federal court.

A final, appealable order accompanies this Memorandum Opinion.

Dated: May 5, 2025

Amit P. Mehta
United States District Judge